UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,<br><br>Petitioners,<br><br>-against-<br><br>EAST HILLS METRO, INC.,<br><br>Respondent. | 20 CV _____<br><br>**PETITION TO CONFIRM AN ARBITRATION AWARD** |

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a series of collective bargaining agreements between the North Atlantic States Regional Council of Carpenters f/k/a the New England Regional Council of Carpenters ("Union") and East Hills Metro, Inc. ("Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5. Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6. Respondent is a domestic business corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 192 County Line Road, Massapequa, New York 11758.

## THE ARBITRATION AWARD

7. At all relevant times, Respondent has been a member of the Association of Wall Ceiling & Industries of New York, Inc ("Association"). Copies of the Contractor Members

Signatory to the North Atlantic States Regional Council of Carpenters lists between July 2015 through August 24, 2020 are annexed hereto as **Exhibit A**, **Exhibit B**, **Exhibit C,** and **Exhibit D**.

8. As a member of the Association, Respondent agreed to be bound to the collective bargaining agreements entered between the North Atlantic States Regional Council of Carpenters or a predecessor thereto, and the Association. Copies of the July 1, 2011 through May 31, 2016 (the "2011-16 CBA"), the July 1, 2016 through April 30, 2019 (the "2016-19 CBA"), and the May 1, 2019 through April 30, 2022 (collectively, the "CBAs") are annexed hereto as **Exhibit E**, **Exhibit F,** and **Exhibit G**.

9. The CBAs require Respondent, *inter alia*, to make contributions to the funds for all work performed within the trade and geographical jurisdiction of the Union ("Covered Work"). Ex. E, Art. Sixteen, Section (a); Ex. F, Art. Sixteen, Section (a); Ex. G, Art. Sixteen, Section (a).

10. The CBAs further provide, that the Employer agrees that it is bound by and shall comply with the Agreements and Declarations of Trust and the Plans or other associated documents adopted by and governed by the Funds. Ex. E, Art. Sixteen, Section (a); Ex. F, Art. Sixteen, Section (a); Ex. G, Art. Sixteen, Section (a).

11. The Trustees of the Funds established an Employer Contribution Audit and Collection Policy ("Collection Policy"). A copy of the Collection Policy is attached hereto as **Exhibit H**.

12. The Collection Policy defines "contributions" as the monetary contributions due to the Funds plus the supporting remittance report, shop report, or weekly payroll report. Ex. H, Art. 2.1(A).

13. The CBAs and the Collection Policy provide that the Funds have the right to audit an employer's books and records to determine whether it complied with its obligation to remit

contributions to the Funds.  Ex. E. Art. Sixteen, Section (f); Ex. F. Art. Sixteen, Section (f); Ex. G, Art. Sixteen, Section (f); Ex. H. Art. 1.1, (C) (2-3).

14. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator.  Ex. H, Art. 2.3(A).

15. The CBAs and the Collection Policy state that the employer shall be liable for all costs incurred in collecting the delinquent contributions, including without limitation interest, liquidated damages, attorneys' fees, and arbitration fees.  Ex. E, Art. Sixteen, Section (b); Ex. F, Art. Sixteen Section (b); Ex. G, Art. Sixteen, Section (b); Ex. H. Art. 1.1(C) (4-5) and Art. 6.1-6.3.

16. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month, compounded.  Ex. H, Art. 2.1(D).

17. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced.  The amount of the liquidated damages shall be 20% of the delinquent Contributions."  Ex. H, Art. 6.1.

18. A dispute arose when an audit of Respondent's books and records covering the period January 1, 2016 through June 25, 2019 revealed that Respondent failed to remit contributions in the principal amount of $20,907.82.

19. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson.  Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail.  A copy of the Notice of Intent to Arbitrate Delinquency is attached hereto as **Exhibit I**.

20. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated July 3, 2020, determining said dispute (the "Award"). A copy of the Award is attached hereto as **Exhibit J**.

21. Pursuant to the Award, the arbitrator found that Respondent violated the CBAs when it failed to remit all required contributions to the Funds, and ordered Respondent to pay the Funds the sum of $39,381.64, consisting of the principal deficiency of $20,907.82, plus interest thereon of $8,611.01, liquidated damages of $4,181.56, audit fees of $3,981.25, attorneys' fees of $900, and the arbitrator's fee of $800. *See* Ex. J.

22. As of the date of this Petition, Respondent has failed to pay any portion of the audit.

23. The Award has not been vacated or modified and no application for such relief is currently pending.

24. This petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

25. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award, the CBAs, and the Collection Policy. *See* Ex. E, Art. Sixteen, Section (b); Ex. F, Art. Sixteen Section (b); Ex. G, Art. Sixteen, Section (b); Ex. H. 1.1(C) (4-5) and Art. 6.1-6.3.

26. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are attached hereto as **Exhibit K**.

27. I, Marlie Blaise ("MB" in the accompanying billing records) am a 2018 graduate of Florida State University College of Law and an associate at V&A. My primary practice area is

the representation of multiemployer employee benefit plans in ERISA litigation. V&A billed my time at a rate of $275 per hour.

28. Nicole Marimon ("NM" in the accompanying billing records), is a 2014 graduate of Fordham University School of Law, and a partner at V&A. Since graduating law school and being admitted to the New York State bar, she has handled the prosecution of and served as lead counsel on numerous ERISA collections actions. V&A billed Ms. Marimon's time at a rate of $350 per hour.

29. V&A billed the legal assistants' time at a rate of $120 per hour for work performed in connection with this action.

30. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

31. V&A's total billings in this matter amount to $1,350 reflecting 4.8 hours of work. *See* Ex. K.

32. In addition, V&A will also advance $473 in court filing and service fees and postage upon the filing of the instant petition.

33. Accordingly, Petitioners are entitled to recover $1,823 in attorneys' fees and costs incurred in connection with this matter.

34. A Proposed Judgment is attached hereto as **Exhibit L**.

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Award in all respects;

2. Award judgment in favor of Petitioners and against Respondent in the amount of $39,381.64 pursuant to the Award, plus interest from the date of the Award through the date of judgment;

3. Award judgment in favor of the Petitioners and against Respondent in the amount of $1,823 in attorneys' fees and costs arising out of this petition; and

4. Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York
       November 16, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/ Marlie Blaise
Marlie Blaise, Esq.
Nicole Marimon, Esq.
40 Broad Street 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
*Attorneys for Petitioners*